UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Philadelphia Indemnity Insurance Company,

    Plaintiff-Counterclaim Defendant,

v.

PPA 300, LLC, Real Estate Service Solutions Company, LLC, and Shawn Douglas Stafford,

    Defendants-Counterclaim Plaintiffs.

Case No. 21-cv-12128

Hon. Robert H. Cleland

Magistrate Judge Curtis Ivy, Jr.

_____/

## STIPULATED PROTECTIVE ORDER AND FRE 502 ORDER

The parties by their respective counsel stipulate to and respectfully ask the Court to enter this Stipulated Protective Order and FRE 502 Order to protect privileged, work product, and confidential business information while allowing certain uses in this action:

## DEFINITIONS

As used herein the following terms have the following respective definitions:

    **"Order"** means this Stipulated Protective Order and FRE 502 Order.

    **"PIIC"** means plaintiff-counterclaim defendant Philadelphia Indemnity Insurance Company.

1

**"PPA"** means defendant-counterclaim plaintiff PPA 300, LLC, doing business as Riverview Crossings, River Crossing Apartments, and Pennbrook Place Apartments.

**"RESSCO"** means defendant-counterclaim plaintiff Real Estate Service Solutions Company, LLC, doing business as RESSCO, RESSCO Companies, and SG Management, LLC.

**"Stafford"** means defendant-counterclaim plaintiff Shawn Douglas Stafford.

**"PPA Parties"** means PPA, RESSCO, and Stafford.

**"NPT"** means NPT Group LLC, formerly known as NPT-313 Co., LLC, formerly known as NPT Partners LLC, doing business as The Sapphire Apartments and The Sapphire Condominiums.

**"NPT Agreement"** means the February 2020 Confidential Settlement and Release Agreement executed between by NPT, RESSCO, Stafford, and PIIC.

**"No Further Business Agreement"** means paragraph 8 of the NPT Agreement.

**"Policy"** means package insurance policy number PHPK2195115 issued to PPA effective October 16, 2020.

**"Coldbrook"** means non-party Coldbrook Insurance Group, LLC, producer of the PIIC Policy.

"**Claim**" means PPA's claims arising out of an April 4, 2021 fire at part of the Riverview Crossings apartments in Riverview, Michigan.

"**Producer**" means any person or entity providing, disclosing, or producing documents, things, and/or information to a party or a party's counsel in this action.

"**PII**" means personal identifying information such as social security numbers, tax identification numbers, financial and bank routing and account numbers, birth dates, names of minors, and similar personal information not material to any issue in this action.

"**Confidential**" means any document, thing, or other information reasonably designated by a Producer as containing information deemed by the Producer to be confidential business information, in addition to PPI, subject to the terms of this Order.

"**Underwriting Records**" means documents and/or other information submitted by or on behalf of Coldbrook, the PPA Parties, and/or others and/or otherwise acquired, retrieved, received, or considered by underwriters at PIIC in deciding whether to issue, the terms of, and pricing of the Policy.

"**Claim Records**" means documents and/or other information submitted by or on behalf of the PPA Parties and/or otherwise acquired, retrieved, received, or considered by claims personnel at PIIC in deciding whether to pay the Claim.

3

"**Business Records**" as used in this Order means documents, communications, and other information preserved by or on behalf of any person or entity in electronic, paper, or any other form, including but not limited to Underwriting Records and Claim Records.

"**CBI**" means those parts of the parties' Business Records which contain confidential business information with respect to the parties' businesses, some of which was provided to PIIC by one or more of the defendants or their agents and some of which was provided to one or more of the defendants or their agents by PIIC.

"**Redacted**" means Business Records which have been redacted to protect privileged information, work product information, PII, and/or CBI.

## RECITALS

WHEREAS, the Claim was submitted to PIIC;

WHEREAS, PIIC filed this action seeking rescission of the Policy, damages for breach of the NPT Agreement, and declaratory relief (ECF No. 1), and defendants counterclaimed for breach of contract, declaratory relief, and promissory estoppel (ECF No. 9);

WHEREAS, the parties by counsel have agreed that discovery is needed with respect to knowledge of the parties and their respective representatives and

agents as to the existence and terms of the NPT Agreement, issuance of the Policy, and the parties' respective defenses and damages;

**Protective Order**

WHEREFORE, pursuant to the stipulation of counsel for all parties; consistent with Federal Rule of Civil Procedure 1's mandate to facilitate and expedite discovery herein and minimize litigation costs while appropriately protecting privileged, work product, and confidential business information; in reliance on the foregoing Definitions and Recitals; and for good cause shown,

**IT IS ORDERED** that pursuant to Federal Rule of Civil Procedure 26(c), any person disclosing documents or information in connection with this action pursuant to Federal Rule of Civil Procedure 26 or 34 or otherwise may in good faith designate such information, documents, and things as "Confidential" and such information is, without specific or other further designation, protected within the scope of this Order, subject to the following terms, conditions, and procedures:

1. **Initial Producer Designations.** A Producer may designate any document or other information or thing as "Confidential" by conspicuously marking it or otherwise appending the appropriate designation. In the case of a paper document, the Producer may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, the Producer may digitally or electronically append to that document the appropriate designation in

any manner which does not alter the metadata associated with the document or may place the "Confidential" mark on the outside of the medium (e.g., disc, portable hard drive, etc.) containing the document or other electronic information.

2. **Non-Producer Designations.** A non-producing party may designate any document, information, or thing disclosed or produced during this action not already designated "Confidential" as "Confidential". The non-producing party shall make such designation by notifying counsel for all parties in writing of the specific document, information, or thing so designated.

3. **Deposition-Related Designations.** A Producer may designate previously undesignated documents, information, or things disclosed or otherwise used at a deposition as "Confidential" on the record during the deposition or within 30 days after receiving the deposition transcript by notifying all parties and any other counsel involved in the deposition in writing of the specific item so designated or the lines and pages of the transcript that are being designated as "Confidential". All deposition transcripts and exhibits shall be "Confidential" for a period of 30 days after the receipt of the deposition transcript to allow review and such designations.

    a. If a Producer designates such materials as "Confidential" on the record during the deposition, the court reporter shall:

        i. Indicate that fact on the cover page of the transcript that the transcript includes "Confidential" information, and

  ii. At or near the beginning of the transcript list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained.

 Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under paragraph 10 below shall be excluded from that portion of the deposition.

 b. A non-producing party may designate documents, information, or things disclosed or otherwise used at a deposition as "Confidential" in the same manner as a producing party.

 c. If a party fails to designate materials as "Confidential" on the record but identifies same as "Confidential" during the 30-day review period, that party shall bear all costs related to modification of the transcript and provision of a new transcript to any party who or which had previously ordered it.

4. **Inadvertent Failure to Designate.** If a Producer inadvertently fails to mark or designate a document, information, or thing as "Confidential" which it later determines or considers to be "Confidential", the Producer shall forthwith so inform all parties receiving the documents, but in no event later than 30 days following discovery of the inadvertent failure to mark as "Confidential" such disclosure or production. The inadvertent or unintentional disclosure or production by a Producer of confidential material shall not be deemed a waiver in whole or in part of the Producer's claim of confidentiality with respect to the material disclosed, provided that the Producer making such inadvertent or unintentional

7

disclosure notifies the receiving parties forthwith, but in no event later than 30 days after it learns of such inadvertent or unintentional disclosure.

Any receiving party(ies) thereupon shall return the unmarked document, information, or thing to the Producer and the Producer shall promptly provide substitute properly marked documents, information, or things.

If material has been disclosed or produced and is subsequently designated as "Confidential", the Producer shall make good faith efforts to preserve the "Confidential" nature of such material and to obtain compliance with this Order from any person to whom such material has been disclosed or produced.

If a Producer at the time of disclosure or production inadvertently fails to identify as "Confidential" any material for which it desires such treatment, and a party files the material with the Court prior to receiving notice that such material was inadvertently disclosed or produced without the desired designation, the Producer who made the inadvertent disclosure or production shall be responsible for seeking appropriate relief from the Court.

5. **Objections to "Confidential" Designations.** Should any party object to any "Confidential" designation, counsel for the parties shall meet and confer on an expedited basis in a good faith attempt to reach an agreement regarding the status and use of the material so designated. Absent agreement, any party may bring the dispute before the Court for determination. The Producer

designating a document, information, or a thing as "Confidential" shall have the burden of proving good cause for the entry of an order sustaining that designation under the terms of this Order. Until the Court makes a written contrary determination, all material designated as "Confidential" shall be treated as such.

6. **Categorical CBI.** Without regard to whether Business Records previously have been provided to one another in the course of their past commercial relationship(s), CBI is categorically "Confidential" as between these parties and their respective agents on the one hand and third parties on the other hand, without the need for specific marking or designation as such, redaction, or logging, and shall not be disclosed or produced, directly or indirectly, to anyone other than the parties herein and their respective agents except to the extent further specifically agreed in writing or by entry of a separate court Order specifically authorizing release of such categorical "Confidential" CBI after appropriate redaction.

7. **Use of CBI and "Confidential" Information in this Action.** Subject to the other provisions of this Order, CBI and "Confidential" information may be used in discovery and motion practice in this action. All information, documents, and things disclosed, produced, exchanged, or inspected in the course of this action shall be used solely for the purposes of this action absent further agreement of the parties or further Order of this Court, provided, however, nothing

in this Order affects or prohibits any person's ordinary business use otherwise of his/her/its own information or records in any way.

8. **No Filing or Publication of CBI or "Confidential" Information Absent Agreement or Further Order.** CBI and "Confidential" information shall not be filed with the Court or appended to any transcript herein absent (a) further express written agreement of counsel for all parties and any applicable non-party Producer, or (b) further Order of the Court. No document, information, or thing containing CBI or containing or designated as "Confidential" shall be filed with the Court unless, prior to such filing, the parties have agreed on the proper means of protecting the confidentiality of the CBI or "Confidential" information and the Court has approved such handling; this prohibition applies to pleadings, motions, briefs, affidavits, declarations, exhibits, and transcripts. In the event the parties cannot agree on the handling of such CBI or "Confidential" information, the parties must promptly bring the matter to the Court's attention for resolution. Provided that no CBI or "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, exhibits, or transcripts filed with the Court without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

CBI and "Confidential" information shall not be published or re-published by any recipient in any form including but not limited to on the Internet absent

written agreement of the Producer or later express Court order.

9. **Trial Use of CBI and "Confidential" Information.** If a party wishes to use any CBI or "Confidential" information at trial, that party shall so advise the Court and all other counsel of record no later than the Final Pretrial Conference and shall seek the Court's direction on the proper handling of such CBI and "Confidential" information during trial.

10. **Access to CBI and "Confidential" Information.** Subject to paragraphs 8 and 9 above, CBI and information, documents, and things designated as "Confidential" pursuant to this Order shall be made available only to counsel for the parties (including paralegal, clerical, and secretarial staff employed by such counsel in connection with this case and any technical support personnel and/or vendors) and the following persons:

    a. The parties and their agents and employees who are directly involved in the prosecution or defense of claims in this matter;

    b. Testifying and non-testifying experts and consultants (together with their respective clerical/support staff) retained by the respective parties to assist with or in this case;

    c. Any court reporter employed in this case (together with their respective clerical/support staff);

    d. A witness at a deposition or other proceeding in this case;

    e. A potential witness;

    f. Any other person or entity to which there is a legal obligation (e.g., by law or contract) to make such a disclosure;

11

    g.    Any other person with the written consent of the parties (and any affected non-party producing party) or upon further Order of this Court; and

    h.    Court personnel.

With the exception of CBI, nothing in this Order precludes any party or attorney from:

    a.    Showing materials designated as "Confidential" to any individual who prepared, generated, or previously reviewed the document, information, or thing, or is shown by the document, information, or thing to have received the document.

    b.    Disclosing or using, in any manner or for any purpose, any information, document, or thing from the party's own files that the party itself previously designated as "Confidential" provided, however, at least one business day in advance of doing so at any deposition, hearing, proceeding, or trial herein, prior to such disclosure or use, the producing party's intent to do so must be communicated in writing to all other counsel to avoid unfair surprise or reliance on the prior designation.

    c.    Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter, provided, however, if a party intends to use or offer into evidence at trial herein any document, information, or thing designated as "Confidential" or containing CBI, that party must, unless otherwise ordered by the Court, notify counsel for all other parties and any other person who or which produced that information, document, or thing in writing of such intent prior to the Final Pretrial Conference, unless same is determined to be needed or used in rebuttal, in which case notice shall be given as soon as practicable after the determination is made, and in any event absent Court

order to the contrary, at least one business day prior to such anticipated disclosure or use, to allow the producing party or person to take such steps that it deems reasonably necessary to preserve the confidentiality of such information, documents, or things.

11. **Execution of Confidentiality Agreements.** CBI and materials designated as "Confidential" shall not be disclosed by anyone to any individual identified in subparagraphs 10 b, d, or e or to a former employee of any party, unless and until such individual has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached to this Order. Current employees of the parties are not required to execute a copy of the Confidentiality Agreement but must be advised regarding the provisions of this Protective Order prior to being provided with or access to CBI and/or "Confidential" information, documents, and/or things.

12. **Further Dissemination and Use.** CBI and materials designated as "Confidential" shall not be made available to persons other than as authorized in paragraphs 9 and 10 above even if such materials or information has been attached to or is contained within or summarized or excerpted in otherwise non-"Confidential" materials such as transcripts, memoranda, discovery responses, or affidavits. CBI and "Confidential" information must be removed or redacted before the remaining materials may be made available to such other persons or filed with the Court, provided, however, nothing in this Order affects or prohibits

13

any person's ordinary business use otherwise of his/her/its own information or records in any way.

13. **Files.** Counsel shall maintain files containing CBI and materials designated as "Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host which restricts access to those persons permitted to review CBI and "Confidential" materials as set forth in this Order.

14. **Notice of Subpoenas.** If any party is served with a notice or subpoena or similar process from any person or entity whatsoever directing that party to produce CBI or any information, document, or thing designated as "Confidential", counsel for that party shall immediately notify all counsel for the parties and counsel for any other applicable Producer in writing of such notice or subpoena so that any Producer or other designating party or non-party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

15. **Destruction/Retention.** Within 60 days of the conclusion of this action, including all appeals, all originals, copies, and other reproductions of CBI and any materials designated as "Confidential" shall be destroyed at the request of the Producer; provided however, counsel for each party may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to CBI

and materials designated as "Confidential", in a secure location for a period equal to any applicable Statute of Limitations plus one year (or longer in the event any professional liability or legal malpractice claim or other claim related to this action is made). CBI and materials designated as "Confidential" retain that designation and remain subject to this Order after the conclusion of this action.

Upon request, counsel for each receiving party shall provide written verification to the Producer that all copies of such materials produced to the receiving party have been destroyed, other than any retention authorized in this paragraph.

Nothing in this paragraph requires any party or other person to destroy any ordinary business record or information because it contains CBI or was designated in whole or in part as "Confidential" herein.

CBI and materials designated as "Confidential" in the custody of the Court are not subject to the terms of this paragraph.

16. **Filing Under Seal.** This Order does not authorize or permit the filing of any information, document, or thing under seal. Parties wishing to file information, documents, or things under seal must follow the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules of the District Court for the Eastern District of Michigan.

17. **No Waiver of Privilege or Work Product.** If by inadvertence or mistake disclosure or production was made of any information, documents, or things which are subject to a claim of privilege, work product, or any other ground protecting such information, documents, or things from disclosure or production, such disclosure or production shall not prejudice or otherwise constitute a waiver of, or estoppel to, any claim of privilege, work product, or other ground for withholding disclosure or production to which the disclosing or producing party otherwise would be entitled. All facially privileged or work product materials inadvertently disclosed or produced shall be returned promptly after discovery in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently or mistakenly produced privileged materials shall be promptly returned upon request of Producer. See Federal Rule of Evidence 502 provisions below.

18. **Logging Redactions.** Producers do not need to individually log each attorney-client privilege, work product, PII, or CBI redaction (bulk notice of attorney-client, work product, PII and CBI redactions is permissible). Upon reasonable request of a non-producing party, Producer shall furnish a redaction log for specific redactions based on the attorney-client or other applicable privilege.

19. **Continuing Effect of this Order.** The terms of this Order shall remain in effect after this action and all related appeals are concluded, except that

there shall no longer be any restriction on use of CBI or materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

**FRE 502 Protections**

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Evidence 502 that any inadvertent disclosure of a communication or information covered by the attorney-client privilege or the work product protection is not a waiver of such privilege or protection if the holder of the privilege or protection took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B). If notified of an inadvertent disclosure, the receiving party shall promptly return, sequester, or destroy the specified information and all copies of it; shall not use or disclose that information for any purpose; and if disclosed by the receiving party prior to receiving such notice, take all reasonable steps necessary to retrieve the information from all persons to whom it has been disclosed.

A disclosure of information covered by the attorney-client privilege or the work product protection does not waive such privilege or protection with respect to the inadvertently disclosed information or with respect to any other communication or information unless the waiver was intentional and the disclosed and undisclosed

communications or information concern the same subject matter and in fairness ought to be considered together.

**SO ORDERED,**

s/Robert H. Cleland
Robert H. Cleland
United States District Judge

September 2, 2022

**STIPULATED AND AGREED,**

| | |
|---|---|
| Stephen M. Kelley, P.C. | Strobl Sharp PLLC |
| By: _/s/ Stephen M. Kelley_<br>    Stephen M. Kelley (P33197)<br>    Elizabeth A. Downey (P37036)<br>Counsel for plaintiff-counterclaim defendant Philadelphia Indemnity Insurance Company<br>19501 East Eight Mile Road<br>St. Clair Shores, MI 48080<br>(586) 563-3500<br>skelley@kelleyattys.com<br>ldowney@kelleyattys.com | By: _/s/ Michael L. Geller with permission received 8/31/2022_<br>    Michael L. Geller (P42862)<br>    Henry J. Andries, Jr. (P53669)<br>Attorneys for defendants-counterclaim plaintiffs PPA 300, LLC, RESSCO, and Shawn Stafford<br>300 E. Long Lake Road Suite 200<br>Bloomfield Hills, MI 48304<br>(248) 540-2300<br>mgeller@strobllaw.com<br>handries@strobllaw.com |
| Dated:  August 31, 2022 | Dated:  August 31, 2022 |

# CONFIDENTIALITY AGREEMENT
*Philadelphia Indemnity Insurance Company v PPA 300, LLC, et al.*,
United States District Court for the Eastern District of Michigan
Case No. 21-cv-12128

STATE OF _____ )
                                        ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. I have received a copy of the Stipulated Protective Order and FRE 502 Order in the case of *Philadelphia Indemnity Insurance Company v PPA 300, LLC, et al.*, Eastern District of Michigan Case No. 21-cv-12128.

2. I have carefully read and understand the provisions of the Stipulated Protective Order and FRE 502 Order and will fully comply with all of its provisions, terms, and conditions.

3. I voluntarily submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of compliance with and enforcement of the Stipulated Protective Order.

4. My address is: _____

_____

5. My present employer is: _____

My employer's address is: _____

6. My present occupation is: _____

Subscribed and sworn to me before this day of _____, 202__

_____
Notary Public
My commission expires: _____
Acting in: _____ County, _____ (State)